IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HOLLY LYNN COMISH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DAVIS BEHAVORIAL HEALTH, et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION and ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 1:11-cv-171-CW-DN<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

　　　　District Judge Clark Waddoups referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] In December 2011, the court granted Plaintiff Holly Lynn Comish's motion to proceed with her civil rights complaint[2] in forma pauperis under 28 U.S.C. § 1915.[3] More recently, Comish filed a motion to appoint counsel.[4] For the reasons outlined below, the court DENIES the motion for appointment of counsel.

　　　　As a civil litigant, Comish has no constitutional right to counsel.[5] However, the court may in its discretion appoint counsel for indigent parties under 28 U.S.C. § 1915(e)(1).[6] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[7]

---

[1] Order Referring Case, docket no. 5, filed Dec. 20, 2011.

[2] Complaint, docket no. 3, filed Dec. 14, 2011.

[3] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, filed Dec. 14, 2011.

[4] Motion to Appoint Counsel, docket no. 6, filed Dec. 29, 2011.

[5] *See Moomchi v. Univ. of N.M.*, No. 95-2140, 1995 WL 736292, at *3 (10th Cir. Dec. 8, 1995) (unpublished); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[6] *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

[7] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[8] In considering these factors and construing Comish's complaint liberally,[9] the court finds that (1) at this stage, it is uncertain whether Comish has asserted a colorable claim; (2) based upon the complaint, the court finds that this case does not appear to involve complex factual or legal issues; and (3) Comish is not currently incapacitated or otherwise unable to adequately pursue this matter. Thus, at this time, the court denies the motion for appointed counsel.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for appointed counsel[10] is DENIED.

Dated this 17th day of January, 2012.

BY THE COURT:

_____
Magistrate Judge David Nuffer

---

[8] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (stating court must construe pro se pleadings liberally to a less stringent standard than those drafted by lawyers).

[10] Docket no. 6.